United States District Court
Southern District of Texas
**ENTERED**
May 04, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AYINDE KHALIO WILLIAMS, | § | |
| a/k/a AYINDE KHALIQ WILLIAMS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. H-22-0429 |
| v. | § | |
| | § | |
| DPS CHIEF POLICYMAKER, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

**ORDER OF DISMISSAL**

Ayinde Khalio Williams, a/k/a Ayinde Khaliq Williams, a state inmate proceeding *pro se*, filed this lawsuit under 42 U.S.C. § 1983 raising constitutional challenges to his 2021 conviction and thirty-year sentence for murder. As judicial relief, he seeks monetary damages and prospective attorney's fees.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Plaintiff alleges that unnamed chief policymakers for the Department of Public Safety and the Prairie View Police Department, his defense attorney, the prosecutor, and the state

trial judge in his criminal case all conspired to violate his constitutional rights in order to obtain an unlawful conviction against him. He seeks $200,000.00 for future attorney's fees and $5 million "in assorted damages." (Docket Entry No. 1.)

Plaintiff's claims must be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id*. at 486–87. A claim that falls under the rule announced in *Heck* is legally frivolous. *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). Plaintiff's claims in the instant complaint fall squarely within the parameters of *Heck*.

Plaintiff does not allege that his conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. His recitation of the procedural history in this case indicates just the opposite. (Docket Entry No. 6.) A review of public online records for the Texas Court of Criminal Appeals shows that plaintiff's application for state habeas relief was filed with that court on March 9, 2022, and remains pending. Accordingly, plaintiff's complaint is frivolous and barred by *Heck*.

Plaintiff's claims are **DISMISSED WITH PREJUDICE** until the conditions set forth in *Heck* are satisfied. Any and all pending motions are **DENIED AS MOOT**.

2

This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).  Should plaintiff accrue three "strikes," he will be prohibited  by section 1915(g) from proceeding *in forma pauperis* in federal district or appellate court unless he demonstrates he was under imminent danger of serious physical injury at the time of filing.

Signed at Houston, Texas, on _____ MAY 0 4 2022 _____.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE